1

2

3   *E-Filed*: _____8/23/07_____

4

5

6

7

8                  IN THE UNITED STATES DISTRICT COURT

9                FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11   UNITED STATES OF AMERICA,          Case No.: C-06-02891-RMW
                                        Related Criminal Case: CR-03-20110-03-RMW
12                  Plaintiff/Respondent,
                                        ORDER DENYING DEFENDANT KHONG'S
13       v.                             MOTION TO VACATE, SET ASIDE, OR
                                        CORRECT CONVICTION PURSUANT TO §
14   BANG HAI KHONG,                    2255

15                  Defendant/Movant.

16

17          Bang Hai Khong moves pursuant to 28 U.S.C. § 2255 to set aside his conviction and to be

18   allowed to accept the government's pre-trial plea offer.  The basis of his motion is that he was denied

19   his Sixth Amendment right to the effective assistance of counsel when his trial counsel did not

20   properly advise him of the consequences of failing to accept the plea offer.  An evidentiary hearing

21   was held on September 21, 2006.  The court has considered the evidence, papers submitted in

22   connection with the motion and arguments of counsel.  The court finds that counsel's failure to

23   provide accurate and complete advice concerning the plea offer fell below the standard of care but

24   that the failure was harmless as movant most likely would not have accepted the offer even with

25   such advice.

26                                **I. BACKGROUND**

27          Bang Hai Khong was convicted on November 18, 2004 by a jury of conspiracy to distribute

28   50 grams or more of methamphetamine and possession of methamphetamine with intent to

1  distribute.  On April 27, 2006, after post-trial motions and change of counsel, Khong received a

2  sentence including 170 months of confinement.  He filed his current motion to vacate, set aside or

3  correct his conviction and sentence pursuant to 28 U.S.C. § 2255 on that same day.  Judgment was

4  entered on May 5, 2006 and amended on May 23, 2006.  An evidentiary hearing on his § 2255

5  motion was held on September 21, 2006.

6      Khong contends that he was denied his Sixth Amendment right to the effective assistance of

7  counsel because his trial counsel did not properly advise him of the consequences of accepting or

8  rejecting a pre-trial plea offer.  Although the government did not make a formal written plea offer to

9  Khong, the prosecutor had informally told Khong's trial attorney that he would permit Khong to

10 plead guilty to conspiracy to distribute 50 grams or more of methamphetamine.  While such a plea

11 generally carries a mandatory minimum sentence of 10 years, the prosecutor told Kong's attorney

12 that he would recommend a sentence in the applicable Guideline range of 87-108 months assuming

13 Khong qualified for the benefits of 18 U.S.C. 3553(f).[1]  The Guideline range, based upon Khong's

14 conviction of the two charged offenses, was 235 to 293 months.

15     Khong stated that his trial counsel told him that he could not receive a sentence for under 10

16 years and that he was not eligible for the safety valve because of a prior conviction for driving with a

17 suspended license.  Khong further stated that his counsel told him that if he went to trial and lost he

18 would receive a sentence of around 15 years.  Counsel, according to Khong, never went over the

19 Guideline calculations with him, never told him the specific requirements for the safety valve and

20 the specific impact the safety valve could have, and never told him that the government's offer

21 would result in a sentence of 87 to 108 months.  "My reason for going to trial was solely that I

22 believed I was gambling on only a five year difference, between ten and fifteen years, in the

23 sentence and I believed this was worth the risk of losing the trial."  Khong Decl. 4:6-8.  Khong

24 asserts that had he known his true exposure, he would have accepted the plea offer.

25     Khong's trial counsel testified that most of the communications he had with Khong and

26 Khong's parents concerned potential motions and trial preparation.  "Very little time was spent

27 _____

28   [1] 18 U.S.C. § 3553(f) allows a Guideline sentence without regard to the otherwise applicable

statutory mandatory minimum.

1  discussing a possible disposition of the charges filed against Khong, as it did not appear that I could

2  reach a disposition that would be acceptable to Khong and his parents." Furstman Supp. Decl. 2:1-3.

3  Khong felt he was receiving disparate treatment compared to other defendants and questioned why

4  he was being prosecuted. Khong thought the evidence was weak and did not want counsel to

5  discuss his exposure in front of his parents. Khong never indicated a willingness to accept a

6  sentence near what the government was willing to do. Trial counsel further recalled:

7  > Sometime before trial while the plea offer was still available, I discussed the sentencing ranges with Mr. Khong. Based upon my discussion with him of an

8  > offense level of 34, I informed him that if he pled before trial, the minimum sentence he could receive without the application of the safety valve was ten years. I also

9  > informed him that should he proceed to trial on the amended indictment and be convicted he would receive a sentence under the guidelines of 14, 15 or 16 years,

10 > based upon my understanding of the guidelines and that the maximum sentence by statute was life. I do not recall the exact number of years I told Mr. Khong and my

11 > files do not reflect a specific calculation of the sentence under the guidelines.

12 Furstman Decl. 3:12-20.

13         Trial counsel told Khong that he doubted that he would qualify for the safety valve in light of

14 prior convictions for driving with a suspended license.

15         Trial counsel unsuccessfully attempted to negotiate with the government a disposition calling

16 for Khong to plead to a violation of 21 U.S.C. § 843(b) (using a telephone to facilitate a drug

17 transaction) which carries a maximum sentence of 4 year sentence.

18         Trial counsel also spoke to Khong about cooperating and thus possibly getting the

19 government to agree to a downward departure for substantial assistance under U.S.S.G. § 5K1.1.

20 Khong was not interested in cooperating.

21         Khong's mother testified that trial counsel said the charges carried a 10 year minimum and

22 that Khong would not get much more than that if convicted and that he had a 50/50 chance of being

23 acquitted. Counsel did mention to her his unsuccessful attempt to get a disposition based on a

24 telephone count. Mrs. Khong said she would have advised her son to accept a deal like the one

25 offered if she had been advised of what he actually faced.

26         Nanci Clarence, an experienced and highly respected criminal defense lawyer, opined that

27 trial counsel's conduct fell below the standard of care because, among other omissions, he failed to

28 determine whether Khong was eligible for the safety valve, failed to properly advise him of his

Case 5:06-cv-02891-RMW   Document 4   Filed 08/23/07   Page 4 of 8

1  exposure and failed to fully discuss the pros and cons of any settlement offer.  The probation officer

2  determined after trial that Khong's prior conviction did not disqualify Khong from the benefit of the

3  safety valve.  Ms. Clarence testified that the duty to make sure advice is complete is particularly

4  important with a client who is insistent on going to trial.

5  **II.  ANALYSIS**

6  **A.  Ineffective Assistance of Counsel**

7  The test for evaluating whether counsel was ineffective is set forth in *Strickland v.*

8  *Washington*, 466 U.S. 668 (1984).  The movant must establish that: (1) counsel's representation "fell

9  below an objective standard of reasonableness," and (2) that such performance prejudiced the

10  defendant. *Id.* at 688.  To establish prejudice the petitioner "must show that there is a reasonable

11  probability that, but for counsel's unprofessional errors, the result of the proceedings would have

12  been different.  A reasonable probability is a probability sufficient to undermine confidence in the

13  outcome." *Id.* at 694.  There is a strong presumption "that counsel's conduct falls within the wide

14  range of professional assistance because it is all too easy to conclude that a particular act or

15  omission of counsel was unreasonable in the harsh light of hindsight." *Bell v. Cone*, 535 U.S. 685,

16  702 (2002).  If ineffective assistance is established for failure to properly advise as to a plea offer,

17  the appropriate remedy is the reinstatement of the original offer, unless the government can show

18  that intervening circumstances compel that it modify or withdraw its original offer.  *United States v.*

19  *Blaylock*, 20 F.3d 1458, 1468-69 (9th Cir. 1994).

20  **B.  Counsel's Performance Fell Below An Objective Standard of Reasonableness**

21  The decision whether or not to accept a plea offer is a critical stage of the prosecution at

22  which the Sixth Amendment right to counsel attaches. *Turner v. Calderon*, 281 F.3d 851, 879 (9th

23  Cir. 2002).  A defendant has the right to make a reasonably informed decision whether to accept a

24  plea offer. *Id.* at 880-81; *Goudie v. United States*, 313 F. Supp. 2d 1320, 1332 (S.D. Fla. 2004).  In

25  advising a defendant, counsel cannot be required to accurately predict what the jury or court might

26  do, but counsel can be expected to give the defendant the information he needs to make an

27  intelligent decision. *Turner*, 281 F.3d at 881; s*ee Nunes*, 350 F.3d 1045,1053-54 (9th Cir. 2003)

28  (failure to accurately convey terms of plea offer).  Grossly erroneous advice regarding the

ORDER DENYING DEFENDANT KHONG'S  MOTION TO VACATE, SET ASIDE, OR CORRECT CONVICTION PURSUANT TO § 2255
NO.  CR-03-20110-RMW                        4

1  consequences of accepting a plea offer combined with erroneous advice on the probable effects of

2  going to trial constitutes ineffective assistance. *See Sophanthavong v. Palmateer*, 378 F.3d 859, 868

3  (9th Cir. 2004) (citing *United States v. Keller*, 902 F.2d 1391, 1394 (9th Cir. 1990)).

4          The question here under the first prong of *Strickland* is whether defense counsel's conduct

5  fell below the standard of reasonableness because he did not confirm whether the safety valve was

6  available to defendant, did not provide defendant with a calculation of the Guidelines showing that

7  upon conviction of the two charged offenses he faced a Guideline range of 235 to 293 months, and

8  erroneously told defendant that the maximum sentence he faced if convicted on the two counts was

9  approximately 15 years.  In *United States v. Day*, 285 F.3d 1167 (9th Cir. 2002), the court held that

10  defense counsel's erroneous advice to defendant in a drug trafficking prosecution that he would be

11  allowed to make the argument that the government engaged in sentencing entrapment only if

12  defendant went to trial deprived defendant of an opportunity to intelligently consider the

13  government's plea offer and to make an informed decision about it.  In the present case, defense

14  counsel's failure to fully and accurately explain the plea offer to defendant, accurately determine

15  whether defendant qualified for the safety valve and provide defendant with a correct calculation

16  under the Guidelines if he were convicted deprived defendant of the opportunity to make an

17  informed decision on the government's plea offer.  Under *Day*, defense counsel's advice was

18  deficient and thus counsel's performance fell below the standard of reasonableness.[2]

19  **C.  Lack of Prejudice**

20          The second question under the *Strickland* test is whether Khong was prejudiced by his

21  counsel's deficiency, specifically, whether there is a reasonable probability that the outcome would

22  have been different had counsel's advice been complete and accurate.  In other words, is it

23  reasonably probable that Khong would have accepted the plea offer if he had been fully and

24  accurately advised?  "It is not enough for the defendant to show that the errors had some conceivable

25  effect on the outcome of the proceedings."  *Strickland*, 466 U.S. at 693.  Several facts suggest that

26  Khong would not have accepted the offer despite his current claim that he would have done so.

27

28          [2] Although according to Attorney Clarence the standard of practice does not require counsel to advise the client of the terms of a plea offer in writing, the court believes that at least the better practice is to do so.

ORDER DENYING DEFENDANT KHONG'S  MOTION TO VACATE, SET ASIDE, OR CORRECT CONVICTION PURSUANT TO § 2255
NO.  CR-03-20110-RMW                           5

1    First, he believed the government's evidence was weak.  Counsel had advised Khong, according to

2    Khong, that his chances of being acquitted were fifty/fifty.  This advice presumably pertained to the

3    conspiracy charge and was not unreasonable given the state of the evidence.[3]  Second, Khong had

4    shown no interest in a settlement of 10 years which he understood had been proposed by the

5    government. He felt he was being treated unfairly compared to other defendants.  Third, Khong had

6    refused to cooperate and there is no reasonable suggestion by Khong that he would have even been

7    willing to "truthfully provide[ ] to the Government all information and evidence he had concerning

8    the offenses" as required by the safety valve.  U.S.S.G. § 5C1.2(a)(5).

9         If Khong had been accurately and fully advised of the potential consequences of accepting or

10   rejecting the plea offer, he would have been told that the Guideline range if convicted of both

11   offenses was 235-293 months.  However, he would have also been advised that the likely sentence

12   would be 235 months or less with a reasonable chance of a sentence of around 180 months.  Trial

13   counsel's estimate of Khong's potential sentence, if convicted, of around fifteen years was not

14   unreasonable in light of defendant's basically clean record, his youth, the sentences given co-

15   defendants, the circumstances of his involvement and the court's willingness to depart from

16   Guideline sentences in first offense drug cases.   In addition, if correctly advised, Khong would have

17   been counseled that if he accepted the plea agreement he could receive a sentence as low as 87

18   months if he debriefed in accordance with § 5C1.2(a)(5) and 10 years if he did not.  However, the

19   court finds that the difference between what Khong would have been advised that he could receive if

20   tried and found guilty and what was available through the plea agreement was not such that Khong

21   would have accepted the plea agreement.  The court finds that since Khong was willing to risk a 15

22   year sentence, it is unlikely that he would have accepted the plea agreement even if he had been

23   fully and correctly advised. *See Jones v. Wood*, 114 F.3d 1002, 1012 (9th Cir. 1997) (finding that

24   defendant's contention that he would have "cut his losses" and accepted the plea offer if he believed

25   it was open was implausible in light of his belief in the weakness of the State's case and his steadfast

26

27        [3] Khong must have known that he had little chance of prevailing on the possession with the intent
     to distribute charge—he was caught possessing methamphetamine but the amount was only .36 of a
28   gram so the length of any prison sentence depended primarily upon the outcome of the conspiracy
     charge.

ORDER DENYING DEFENDANT KHONG'S  MOTION TO VACATE, SET ASIDE, OR CORRECT CONVICTION PURSUANT TO § 2255
NO.  CR-03-20110-RMW                                    6

1 claim of innocence); *cf. Blaylock*, 20 F.3d at 1466-68 (finding prejudice because there was a

2 reasonable likelihood that defendant would have accepted the plea offer if properly advised). The

3 advice given, although incomplete and deficient, did not prejudice Khong.

### III.  ORDER

5      For the reasons stated, the court denies Khong's motion to vacate his conviction and sentence

6 and allow him to accept the government's plea offer.

8 Date: _____8/23/07_____            *Ronald M Whyte*_____
9                                               RONALD M. WHYTE
                                                United States District Judge

1

2

3 | Copy of order mailed to:

4 | John N. Glang, AUSA
Office of the United States Attorney
5 | 150 Almaden Blvd, Suite 900
San Jose, CA 95113

6

Attorneys for Plaintiff United States of America

7

Scott S. Furstman
8 | 1541 The Alameda
San Jose, CA 95126

9

Attorney for Defendant Bang Hai Khong

10

Alfredo Morales, Esq.
11 | 336 N. Second Street
San Jose, CA 95112

12

Attorney for Thin Edward Sou

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING DEFENDANT KHONG'S  MOTION TO VACATE, SET ASIDE, OR CORRECT CONVICTION PURSUANT TO § 2255
NO.  CR-03-20110-RMW                    8